UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YANISER LEYVA HERNANDEZ,

       Petitioner,

   v.

                        Case No. 2:26-cv-1502-KCD-DNF

SHERIFF DAVID HARDIN,
GARRETT RIPA, ACTING
DIRECTOR-ICE TODD LYONS,
SECRETARY MARKWAYNE
MULLIN, CIVIL PROCESS CLERK
TODD BLANCHE,  US
IMMIGRATION AND CUSTOMS
ENFORCEMENT,  EXECUTIVE
OFFICE FOR IMMIGRATION
REVIEW,  DEPARTMENT OF
HOMELAND SECURITY,

       Respondents.

## **ORDER**

Petitioner Yaniser Leyva Hernandez is a citizen of Cuba. He was apprehended while entering the United States at the Texas border in 2025, and an immigration officer denied him admission. (Doc. 5-1.) He was then released on parole and lived freely under supervision in the United States. Earlier this year, he was placed in immigration custody. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.) The Government opposes the petition. (Doc. 5.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Hernandez, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Hernandez falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at *3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Hernandez seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Hernandez is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Hernandez with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Hernandez also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at \*8 (E.D. Mich. Sept. 9, 2025). Nor does the Court decide Hernandez's claim that he is not subject to removal (or detention) because of the Cuban Adjustment Act. It is not entirely clear if Hernandez qualifies for such relief. *See Rivero Perez v. Supervisory Det. & Deportation Officer*, No. 3:24-CV-735-RGJ-LLK, 2026 WL 516570, at \*15 (W.D. Ky. Feb. 3, 2026). "Accordingly, the Court cannot find, based on the limited facts before it, that Petitioner has satisfied the statutory requirements to apply for an adjustment of status under the CAA such that there is no legally permissible grounds on which to detain him in connection with his removal proceedings." *Concha-Gonzales v. Noem*, No. 1:26-CV-00001-CNS, 2026 WL 194178, at \*5 (D. Colo. Jan. 26, 2026). If the Government does not provide Hernandez with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk

is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 28, 2026.

Kyle C. Dudek
United States District Judge